**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JAIKER ADAN GONZALEZ SILVERA,

      Petitioner,

v.

                              Case No. 1:26-cv-00647-MIS-GBW

PAMELA BONDI, Attorney General of the
United States; KRISTI NOEM, Secretary,
U.S. Department of Homeland Security;
TODD LYONS, Acting Director U.S.
Immigration and Customs Enforcement;
JOEL GARCIA, Director, El Paso Field
Office, U.S. Immigration and Customs
Enforcement; and GEORGE DEDOS,
Warden Cibola County,

      Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Jaiker Adan Gonzalez Silvera's Verified

Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed March 4, 2026.

On March 19, 2026, the Federal Respondents, Todd Blanche, Markwayne Mullin, David

Venturella, and Joel Garcia, filed a Response ("Response"), ECF No. 7. Therein, counsel for

Respondents argue that 8 U.S.C. §1225(b) should govern detention of individuals such as

Petitioner; however, Respondents concede "this Court reached the opposite conclusion in Melchor-

Rios v. Ortiz et al., No. 2:25-cv-01055-WJ-GJF (D.N.M. Dec. 30, 2025)" on facts substantially

similar to those currently before the Court. Id. at 6.

In the time since the Petition and Response were filed, the Tenth Circuit explicitly

addressed the issue in Santillan Quiroz v. Mullin, No. 26-6019, 2026 WL 1876709, (10th Cir. June

30, 2026). In that decision, the Tenth Circuit concluded that "that noncitizens who entered the

United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 2026 WL 1876709, at *5. That is precisely the situation presented by this case. Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. Id. at *5, *16-17.

Therefore, the Court orders Petitioner's immediate release, and further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a).

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Jaiker Adan Gonzalez Silvera's Verified Petition for a Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner from detention;

3. Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal— without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

4. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

2